## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 16 2018, 8:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Keith Jacob Branam,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 16, 2018

Court of Appeals Case No.
40A01-1703-CR-472

Appeal from the Jennings Circuit Court

The Honorable Jonathan W. Webster, Judge

Trial Court Cause No.
40C01-1602-F6-56, 40C01-1602-F6-67

**Altice, Judge.**

**Case Summary**

[1] Keith J. Branam appeals the sentences imposed in two separate causes, both involving a level 6 felony invasion of privacy conviction. The trial court imposed two and one-half year sentences and ordered them to be served concurrently. On appeal, Branam contends that his sentences are inappropriate in light of his character and the nature of the offenses.

[2] We affirm.

## Facts & Procedural History

[3] Branam and his wife Kimber were both regular drug users and had a tumultuous relationship. On July 24, 2014, the police were called to their home due to a domestic violence report. Officers found Kimber battered and injured and the home in disarray. Branam had thrown objects against the walls and appliances, smashed windows, knocked a door off its hinges, and caused substantial damage to the home during his angry tirade. Officers also found drug paraphernalia and syringes in the bathroom of the residence. Branam was arrested that day, and a protective order was issued to protect Kimber from Branam.

[4] Upon his release from jail several days later, Branam violated the protective order by moving back in with Kimber. This resulted in his eventual conviction, on January 15, 2015, for Class A misdemeanor invasion of privacy and the issuance of another protective order. On that date, he received a suspended

sentence and was placed on probation for eleven months. Kimber and Branam were separated by this time, and their divorce was pending.[1]

[5] On January 26, 2015, the State filed charges against Branam for the July 24, 2014 incident under cause number 40C01-1501-F6-9 (Cause F6-9). The information set out four counts: Level 6 felony unlawful possession of syringe (Count I), Level 6 felony maintaining a common nuisance (Count II), Level 6 felony possession of paraphernalia (Count III), and Class A misdemeanor domestic battery (Count IV).

[6] In July 2015, Branam returned to jail apparently following the revocation of his probation in the initial invasion of privacy case. The details of his violations are not included in the record. It is clear, however, that he was released on October 29, 2015.

[7] The following day, October 30, Branam sent a message through Facebook to Kimber, who was now his ex-wife. Branam asked if they could talk and indicated that he loved and missed her and was sorry. Kimber did not respond and, instead, reported the message to the police. On November 10, he messaged her again and inquired as to why she was not responding to his messages or calling him. Branam asked her to call or text back soon. On

---

[1] Branam also committed invasion of privacy on January 3, 2015, shortly after Kimber moved out, but the State did not file charges until April 2015 and a conviction did not result until March 2016.

November 12, Branam reached out to Kimber once more via Facebook. Kimber again went to the police to report Branam's attempts to contact her.

[8] In February 2016, the State filed two separate criminal informations against Branam for Level 6 felony invasion of privacy, elevated to felony charges due to the prior conviction in January 2015. Under cause number 40C01-1602-F6-67 (Cause F6-67), the State alleged that Branam committed the offense when he sent the October 30 message in violation of the protective order. The allegations under cause number 40C01-1602-F6-56 (Cause F6-56) were based on the messages sent in November.

[9] Branam entered into a plea agreement with the State to resolve the charges pending under Causes F6-9, F6-67, and F6-56. Pursuant to the agreement, accepted by the trial court on December 6, 2016, he pled guilty to the invasion of privacy counts under Causes F6-67 and F6-56. With respect to Cause F6-9, Branam pled guilty to Counts II and IV, Level 6 felony maintaining a common nuisance and Class A misdemeanor domestic battery. The State agreed to dismiss the remaining two counts under Cause F6-9. The agreement left sentencing to the trial court's discretion but mandated that the sentences for invasion of privacy be served concurrently with each other, and the sentences for Counts II and IV under Cause F6-9 be served concurrently with each other but consecutive to the others.

[10] On December 22, 2016, the trial court sentenced Branam to executed terms of two and one-half years for the invasion of privacy counts and ordered them to

be served concurrently. Under Cause F6-9, the trial court imposed concurrent sentences of two and one-half years for maintaining a common nuisance and one year for domestic battery, which were ordered to be served consecutive to the sentences for invasion of privacy. On appeal, Branam challenges only the concurrent sentences imposed in the invasion of privacy cases, Causes F6-67 and F6-56.

### Discussion & Decision

[11] Branam observes that he received the maximum sentence for each of his convictions for Level 6 felony invasion of privacy, but acknowledges that the sentences were ordered to be served concurrently. *See* Ind. Code § 35-50-2-7(b) (sentencing range for a Level 6 felony is six months to two and one-half years). He argues that his sentences are inappropriate in light of his character and the nature of his offenses.

[12] Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. *Alvies v. State*, 905 N.E.2d 57, 64 (Ind. Ct. App. 2009) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218). This appellate authority is implemented through Ind. Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the

offender." *Anglemyer*, 868 N.E.2d at 491. Nevertheless, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The appellant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[13] We agree with Branam that the nature of his multiple violations of the protective order were not particularly aggravating. He reached out to Kimber a few times after his release from jail and then apparently stopped contacting her. His messages were short and rather unassuming. They were, however, unlawful and unwelcome by his victim of domestic violence.

[14] Branam's character, on the other hand, is particularly troubling. He has an extensive criminal history spanning nearly twenty years, which includes convictions for theft, burglary, operating while intoxicated, sexual misconduct with a minor, conversion, possession of paraphernalia, and invasion of privacy. Additionally, he has violated probation on a number of occasions. Branam's violent nature is reflected in the record through the photographs of the damage done to the home and Kimber's testimony regarding the beatings she endured. As the trial court observed, Kimber was left with significant "emotional wreckage" as the result of Branam's actions. *Transcript* at 85. The record also reflects a lengthy history of drug abuse. While Branam claimed at sentencing to be drug free, employed, and in a healthy relationship, his history suggests this

status might be fleeting. Indeed, the trial court noted that Branam had a high risk to reoffend.

[15] After considering Branam's character and the nature of his offenses, we cannot agree that his concurrent, two and one-half year sentences are inappropriate.

[16] Judgment affirmed.

Baker, J. and Bailey, J., concur.